AUG/16/2018/THU 07:44 AM   Circuit Clerk                FAX No. 6186433455                   P. 001
Case 3:18-cv-01530-JPG-RJD   Document 1-1   Filed 08/24/18   Page 1 of 19   Page ID #4

**EXHIBIT A**

# RECORD SHEET

Case No. __2018-L-04__                    Nature of Case _____

```
MICHAEL PRIBBLE                           Attorneys:

                    PLAINTIFF             MICHAEL J. BRUNTON
VS.

VIKING MINING, LLC


                    DEFENDANTS
```

| DATE | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|
| 03 29 18 | | COMPLAINT FILED | PD  $287.25 |
| 04 02 18 | | Entry of Appearance Filed | |
| | | Affidavit Pursuant to Illinois Supreme Court Rule 222 Filed sae | |
| 07 11 18 | | Summons Issued & Returned to Atty Brunton (Viking Mining) sae | |
| 08 08 18 | | Summons Filed (Viking Mining) sae | |

FILED
Hamilton Co, Circuit Court
2nd Judicial Circuit
Date: 3/28/2018 3:55 PM
Beth Sandusky

IN THE CIRCUIT COURT
SECOND JUDICIAL CIRCUIT
HAMILTON COUNTY, ILLINOIS

| | |
|---|---|
| MICHAEL PRIBBLE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2018-L-04 |
| VIKING MINING, LLC, | ) **Plaintiff Demands Trial by Jury** |
| Defendants. | ) |

## COMPLAINT

### COUNT I - Violation of ADA (Disability)

NOW COMES Plaintiff, Michael Pribble, (hereinafter referred to as "Pribble") by his undersigned attorneys, Brunton Law Offices, P.C., and for Count I of his Complaint against Defendant, Viking Mining, LLC, states:

1. Pribble was employed by Viking Mining, LLC located in the city of Macedonia, in Hamilton County, Illinois beginning on 02/22/2012.

2. At all relevant times, Pribble was qualified for his position and was able to perform essential functions of his job.

3. Viking Mining, LLC, at all relevant times, had more than 50 employees.

4. In November 2014, Pribble was examined and treated for extreme fatigue by the physician at Viking Mining Clinic, who diagnosed hypothyroidism. Pribble started treatment for this diagnosis.

5. Pribble was subsequently diagnosed with obstructed and central sleep apnea.

6. Pribble's white and red blood cell and platelet count decreased, which required frequent doctor's appointments for diagnosis, while working at Viking Mining, LLC. Pribble was eventually diagnosed with Anemia, Leukopenia, and Pancytopenia.

7. The above-referenced illnesses required numerous physician appointments and occasionally a hospitalization.

8. Pribble's physician provided a certification for FMLA from 08/26/2015 to 08/26/2016 and Viking Mining, LLC approved FMLA intermittent leave.

9. Pribble had a disability and Pribble was a "qualified individual with a disability" or was regarded as having an impairment within the meaning of Title I of the Americans with Disabilities Act, 42 U.S.C. §12111 because of the above-referenced medical conditions and treatments.

10. Viking Mining, LLC discriminated against Pribble, compared to any similarly situated class of employees at Viking Mining, LLC, because of his disability, or having been regarded as having an impairment, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.*

11. Pribble was subjected to discrimination, harassment and a hostile work environment because of his disability, in violation of the Americans with Disabilities Act of 1990. This included, but was not limited to, being marked as having unexcused absences when Pribble was approved for leave and the absence was excused. It also included, but was not limited to, having his shifts changed.

12. Pribble was terminated as a result of his disability in violation of the American with Disabilities Act of 1990.

13. Pribble filed a charge of discrimination with the EEOC. A copy of the charge is attached and incorporated by reference as Exhibit "A".

14. Pribble received a Notice of Right to Sue from the EEOC. A copy of the Notice is attached and incorporated as Exhibit "B".

15. Pribble filed this action within ninety (90) days of the receipt of the Notice of Right to Sue Letter.

16. As a result of the discrimination, harassment, and hostile work environment by Viking Mining, LLC, Pribble suffered, and in the future will continue to suffer, emotional distress, mental anguish, pain and suffering and inconvenience.

17. As a result of the discrimination, harassment, and hostile work environment by Viking Mining, LLC, Pribble was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

18. As a result of the discrimination, harassment, and hostile work environment by Viking Mining, LLC, Pribble will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

19. In addition, Pribble is entitled to reasonable attorney fees and costs and all other affirmative relief as this court deems appropriate.

20. In addition, Pribble is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Pribble is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Viking Mining, LLC.

21.  In addition, Viking Mining, LLC through its managers, had knowledge that it may have been acting in violation of federal law and/or Viking Mining, LLC approved or ratified the acts of discrimination and thus, Pribble is entitled to punitive damages.

WHEREFORE, Plaintiff, Michael Pribble, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury**

### COUNT II – Violation of ADA (Retaliation – Disability)

NOW COMES Plaintiff, Michael Pribble, (hereinafter referred to as "Pribble") by his undersigned attorneys, Brunton Law Offices, P.C., and for Count II of his Complaint against Defendant, Viking Mining, LLC, states:

1-11.  For paragraphs one (1) through eleven (11) of Count II, Plaintiff realleges and incorporates paragraphs one (1) through eleven (11) of Count I as though fully alleged herein.

12.  Pribble reported the discrimination, harassment and hostile work environment because of his disability to supervisors at Viking Mining, LLC.

13.  Pribble was terminated and had other adverse employment actions in retaliation for reporting the discrimination, harassment, and hostile work environment because of his disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq.*

14.  Pribble filed a charge of discrimination with the EEOC. A copy of the charge is attached and incorporated by reference as Exhibit "A".

15.  Pribble received a Notice of Right to Sue from the EEOC. A copy of the Notice is attached and incorporated as Exhibit "B".

16. Pribble filed this action within ninety (90) days of the receipt of the Notice of Right to Sue Letter.

17. As a result of the retaliatory termination and adverse employment actions by Viking Mining, LLC, Pribble suffered, and in the future will continue to suffer, emotional distress, mental anguish, pain and suffering and inconvenience.

18. As a result of the retaliatory termination and adverse employment actions by Viking Mining, LLC, Pribble was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

19. As a result of the retaliatory termination and adverse employment actions by Viking Mining, LLC, Pribble will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

20. In addition, Pribble is entitled to reasonable attorney fees and costs and all other affirmative relief as this court deems appropriate.

21. In addition, Pribble is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Pribble is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Viking Mining, LLC.

22. In addition, Viking Mining, LLC, through its managers, had knowledge that it may have been acting in violation of federal law and/or Viking Mining, LLC approved or ratified the acts of discrimination and thus, Pribble is entitled to punitive damages.

WHEREFORE, Plaintiff, Michael Pribble, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury**

## COUNT III – Violation of FMLA

NOW COMES Plaintiff, Michael Pribble, (hereinafter referred to as "Pribble") by his undersigned attorneys, Brunton Law Offices, P.C., and for Count III of his Complaint against Defendant, Viking Mining, LLC, states:

1. Pribble was an employee of Viking Mining at its business located in Macedonia, Hamilton County, Illinois.

2. Pribble exercised his rights by requesting intermittent leave under the Family Medical Leave Act from Viking Mining, LLC.

3. Viking Mining, LLC has more than 50 employees.

4. In November 2014, Pribble was examined and treated for extreme fatigue by the physician at Viking Mining Clinic, who diagnosed hypothyroidism. Pribble started treatment for this diagnosis.

5. Pribble was subsequently diagnosed with obstructed and central sleep apnea.

6. Pribble's white and red blood cell and platelet count decreased, which required frequent doctor's appointments for diagnosis, while working at Viking Mining, LLC. Pribble was eventually diagnosed with Anemia, Leukopenia, and Pancytopenia.

7. The above-referenced illnesses required numerous physician appointments and occasionally a hospitalization.

8. Pribble's physician provided a certification for FMLA from 08/26/2015 to 08/26/2016 and Viking Mining, LLC approved FMLA intermittent leave.

9. Pribble was qualified for benefits under the Family Medical Leave Act, 29 U.S.C. 2614, et. seq. due to his medical conditions and treatment.

10. Supervisors at Viking Mining, LLC informed Pribble that he was approved for FMLA leave.

11. After missing work due to his medical condition, which was in compliance with his employer-approved FMLA leave, Pribble was discharged from his job at Viking Mining, LLC.

12. Prior to his termination, Pribble was performing his job according to his employer's legitimate expectations.

13. Pribble's discharge from his employment with Viking Mining, LLC is casually related to his request for Family Medical Leave Act benefits.

14. Viking Mining, LLC discharged Pribble in violation of the Family Medical Leave Act. 29 U.S.C. 2614, *et. seq.*

15. As a result of Viking Mining, LLC's violation of the Family Medical Leave Act, Pribble should be awarded compensatory damages for past and future lost earnings and benefits.

16. As a result of Viking Mining, LLC's violation of the Family Medical Leave Act, Pribble should be awarded compensatory damages for severe emotional trauma.

17. As a result of Viking Mining, LLC's violation of the Family Medical Leave Act, Pribble is entitled to an award of reasonable attorney fees and costs.

18. As a result of Viking Mining, LLC's violation of the Family Medical Leave Act, Pribble should be awarded all incidental and consequential damages.

19. As a result of Viking Mining, LLC's violation of the Family Medical Leave Act, Pribble should be awarded liquidated damages.

WHEREFORE, Plaintiff, Michael Pribble, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper

**Plaintiff Demands Trial by Jury**

### COUNT IV - Violation of IHRA (Disability)

NOW COMES Plaintiff, Michael Pribble, (hereinafter referred to as "Pribble") by his undersigned attorneys, Brunton Law Offices, P.C., and for Count IV of his Complaint against Defendant, Viking Mining, LLC, states:

1. Pribble was employed by Viking Mining, LLC located in the city of Macedonia, in Hamilton County, Illinois beginning on 02/22/2012.

2. At all relevant times, Pribble was qualified for his position and was able to perform essential functions of his job.

3. Viking Mining, LLC, at all relevant times, had more than 50 employees.

4. In November 2014, Pribble was examined and treated for extreme fatigue by the physician at Viking Mining Clinic, who diagnosed hypothyroidism. Pribble started treatment for this diagnosis.

5. Pribble was subsequently diagnosed with obstructed and central sleep apnea.

6. Pribble's white and red blood cell and platelet count decreased, which required frequent doctor's appointments for diagnosis, while working at Viking Mining, LLC. Pribble was eventually diagnosed with Anemia, Leukopenia, and Pancytopenia.

7. The above-referenced illnesses required numerous physician appointments and occasionally a hospitalization.

8. Pribble's physician provided a certification for FMLA from 08/26/2015 to 08/26/2016 and Viking Mining, LLC approved FMLA intermittent leave.

9. Pribble had a handicap, had a history of a handicapping condition, and/or was perceived as "being handicapped" within the meaning of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.* because of the above-referenced medical conditions and treatments.

10. Viking Mining, LLC discriminated against Pribble, compared to any similarly situated class of employees at Viking Mining, LLC, because of his handicap, history of handicapping condition, and/or perception of being handicapped, in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

11. Pribble was subjected to discrimination, harassment and a hostile work environment because of his handicap, in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.* This included, but was not limited to, being marked as having unexcused absences when Pribble was approved for leave and the absence was excused. It also included, but was not limited to, having his shifts changed.

12. Pribble was terminated as a result of his disability in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

13. Pribble filed a charge of discrimination with the EEOC and IDHR. A copy of the charge is attached and incorporated by reference as Exhibit "A".

14. Pribble received a Notice of Right to Sue from the EEOC and IDHR. A copy of the Notice is attached and incorporated as Exhibit "B".

15. Pribble filed this action within ninety (90) days of the receipt of the Notice of Right to Sue Letter.

16. As a result of the discrimination, harassment, and hostile work environment by Viking Mining, LLC, Pribble suffered, and in the future will continue to suffer, emotional distress, mental anguish, pain and suffering and inconvenience.

17. As a result of the discrimination, harassment, and hostile work environment by Viking Mining, LLC, Pribble was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

18. As a result of the discrimination, harassment, and hostile work environment by Viking Mining, LLC, Pribble will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

19. In addition, Pribble is entitled to reasonable attorney fees and costs and all other affirmative relief as this court deems appropriate.

20. In addition, Pribble is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Pribble is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Viking Mining, LLC.

21. In addition, Viking Mining, LLC through its managers, had knowledge that it may have been acting in violation of law and/or Viking Mining, LLC approved or ratified the acts of discrimination and thus, Pribble is entitled to punitive and/or liquidated damages if obtainable under the IHRA.

WHEREFORE, Plaintiff, Michael Pribble, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury**

**COUNT V – Violation of IHRA (Retaliation – Disability)**

NOW COMES Plaintiff, Michael Pribble, (hereinafter referred to as "Pribble") by his undersigned attorneys, Brunton Law Offices, P.C., and for Count V of his Complaint against Defendant, Viking Mining, LLC, states:

1-11. For paragraphs one (1) through eleven (11) of Count V, Plaintiff realleges and incorporates paragraphs one (1) through eleven (11) of Count IV as though fully alleged herein.

12. Pribble reported the discrimination, harassment and hostile work environment because of his handicap to supervisors at Viking Mining, LLC.

13. Pribble was terminated and had other adverse employment actions in retaliation for reporting the discrimination, harassment, and hostile work environment because of his handicap in violation of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

14. Pribble filed a charge of discrimination with the EEOC and IDHR. A copy of the charge is attached and incorporated by reference as Exhibit "A".

15. Pribble received a Notice of Right to Sue from the EEOC and IDHR. A copy of the Notice is attached and incorporated as Exhibit "B".

16. Pribble filed this action within ninety (90) days of the receipt of the Notice of Right to Sue Letter.

17. As a result of the retaliatory termination and adverse employment actions by Viking Mining, LLC, Pribble suffered, and in the future will continue to suffer, emotional distress, mental anguish, pain and suffering and inconvenience.

18. As a result of the retaliatory termination and adverse employment actions by Viking Mining, LLC, Pribble was caused to lose wages and fringe benefits and he is entitled to recover for this loss.

19. As a result of the retaliatory termination and adverse employment actions by Viking Mining, LLC, Pribble will lose future earnings and future fringe benefits and he is entitled to recover for this loss.

20. In addition, Pribble is entitled to reasonable attorney fees and costs and all other affirmative relief as this court deems appropriate.

21. In addition, Pribble is further entitled to pre-judgment interest to compensate him for the loss of wages during the period preceding any final judgment. Pribble is further entitled to post-judgment interest from the date of judgment to the date that any judgment is paid by Viking Mining, LLC.

22. In addition, Viking Mining, LLC, through its managers, had knowledge that it may have been acting in violation of law and/or Viking Mining, LLC approved or ratified the acts of discrimination and thus, Pribble is entitled to punitive and/or liquidated damages if obtainable under the IHRA.

WHEREFORE, Plaintiff, Michael Pribble, prays for judgment in an amount that exceeds $50,000.00 plus costs of this action, and for any other relief as this Court may deem just and proper.

**Plaintiff Demands Trial by Jury**

Respectfully Submitted;

BRUNTON LAW OFFICES, P.C.

/s/ Michael J. Brunton

Michael J. Brunton, #6206663
Mary M. Stewart, #6200773
819 Vandalia (Hwy 159)
Collinsville, IL 62234
(618) 343-0750 Phone
(618) 343-0227 Fax

EEOC Form 5 (5/01)

EXHIBIT
A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented to:
___ FEPA
_X_ EEOC

Charge No(s):

**ILLINOIS DEPARTMENT OF HUMAN RIGHTS** and EEOC
*State or local Agency, if any*

| Name (indicate Mr. Ms. Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Michael A. Pribble | (618) 944-3041 | 1/30/1978 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1804 N. State | Marion, IL 62959 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Viking Mining, LLC | 50+ | (618) 435-2491 |

| Street Address | City, State and ZIP Code |
|---|---|
| 11351 N. Thompsonville Road | Macedonia, IL 62860 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

| Street Address | City, State and ZIP Code |
|---|---|
|  |  |

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

___ RACE  ___ COLOR  ___ SEX  ___ RELIGION  ___ NATIONAL ORIGIN

_X_ RETALIATION  ___ AGE  _X_ DISABILITY  _X_ OTHER (Specify below.)

**FMLA Violation**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
                  03/28/2016

_X_ CONTINUING ACTION

RECEIVED EEOC ST LOUIS DISTRICT JUN 27 PM 3:58

THE PARTICULARS ARE (*If additional paper is needed, attached extra sheet(s)*):

**SEE ATTACHED**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements  OFFICIAL SEAL Amber Hennetz Notary Public, State of Illinois My Commission Expires 11/19/20__ |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT  Mike A. Pribble |
| 6-14-16    Mike A. Pribble Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) 6-14-16 |

EEOC Form 161 (11/16)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

                                **DISMISSAL AND NOTICE OF RIGHTS**

                                                                                        **EXHIBIT**
                                                                                          B

| To: | Michael A. Pribble | From: | St. Louis District Office |
|---|---|---|---|
| | 1804 N. State St. | | 1222 Spruce Street |
| | Marion, IL 62959 | | Room 8.100 |
| | | | Saint Louis, MO 63103 |

[ ]   On behalf of person(s) aggrieved whose identity is
      CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2016-01720 | My Linh Nguyen, Investigator | (314) 539-7906 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

                                **- NOTICE OF SUIT RIGHTS -**
                              *(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

                                    On behalf of the Commission

                                    [signature]                                    FEB 7 2018
Enclosures(s)                       James R. Neely, Jr.,                           (Date Mailed)
                                    Director

cc:
| Jesse Crawford | Sarah J. Kuehnel | Michael J. Brunton |
|---|---|---|
| Human Resources Director | Ogletree, Deakins, Nash, Smoak & | Brunton Law Offices |
| Viking Mining, LLC | Stewart | 819 Vandalia St. |
| 11351 N. Thompsonville Rd. | 7700 Bonhomme Ave | Highway 159 |
| Macedonia, IL 62860 | Suite 650 | Collinsville, IL 62234 |
| | Saint Louis, MO 63105 | |

FILED
Hamilton Co, Circuit Court
2nd Judicial Circuit
Date: 4/2/2018 12:03 PM
Beth Sandusky

IN THE CIRCUIT COURT
SECOND JUDICIAL CIRCUIT
HAMILTON COUNTY, ILLINOIS

| | |
|---|---|
| MICHAEL PRIBBLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 18-L-04 |
| VIKING MINING, LLC, | ) ) ) |
| Defendants. | ) |

## ENTRY OF APPEARANCE

NOW COMES Michael J. Brunton, Attorney at Law, and hereby enters his appearance on behalf of Plaintiff, Michael Pribble, for the above-captioned case.

Respectfully Submitted;

BRUNTON LAW OFFICES, P.C.

_____/s/ Michael J. Brunton_____

Michael J. Brunton, #6206663
Mary M. Stewart, #6200773
819 Vandalia (Hwy 159)
Collinsville, IL 62234
(618) 343-0750 Phone
(618) 343-0227 Fax

FILED
Hamilton Co. Circuit Court
2nd Judicial Circuit
Date: 4/2/2018 12:05 PM
Beth Sandusky

IN THE CIRCUIT COURT
SECOND JUDICIAL CIRCUIT
HAMILTON COUNTY, ILLINOIS

| | |
|---|---|
| MICHAEL PRIBBLE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 18-L-04 |
| VIKING MINING, LLC, | ) |
| Defendants. | ) |

### AFFIDAVIT PURSUANT TO ILLINOIS SUPREME COURT RULE 222

Michael J. Brunton, after being duly sworn upon his oath, and under penalties of perjury, states, pursuant to Illinois Supreme Court Rule 222, that the total of money damages sought in the Complaint, filed by Plaintiff in the above-captioned case, does exceed $50,000.

Respectfully Submitted;

BRUNTON LAW OFFICES, P.C.

/s/ Michael J. Brunton

Michael J. Brunton, #6206663
Mary M. Stewart, #6200773
819 Vandalia (Hwy 159)
Collinsville, IL 62234
(618) 343-0750 Phone
(618) 343-0227 Fax

18-4680

IN THE CIRCUIT COURT
SECOND JUDICIAL CIRCUIT
HAMILTON COUNTY, ILLINOIS

FILED
Hamilton Co, Circuit Court
2nd Judicial Court
Date: 8/8/2018 9:29 AM
Beth Sandusky

MICHAEL PRIBBLE, )
)
    Plaintiff, )
)
vs. ) No. 18-L-04
)
VIKING MINING, LLC, )
)
    Defendants. )

**SUMMONS**

RECEIVED
JUL 2 0 2018
SHERIFF'S OFFICE
RECORD SECTION

To the Defendant:    Viking Mining LLC
Serve Registered Agent: Illinois Corporation Service
801 Adlai Stevenson Drive
Springfield, IL 62703

    YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, Hamilton County Courthouse, 100 South Jackson Street, McLeansboro, IL within 30 days after service of this Summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gove/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit https://www.illinoiscourt.gov/FAQ/gethelp.asp

To the Officer:

    This summons must be returned by the officers or other persons to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

Witness, _____July 11th_____, 2018

_____(signature)_____ SR
(Clerk of Court)

(Seal of Court)

Name:    Michael J. Brunton
Attorney for:    Michael Pribble
Address:    819 Vandalia (Hwy 159)
City:    Collinsville, IL 62234]
Telephone:    (618) 343-0750

Date of Service: _____, 2018
(To be inserted by officer on copy left with Defendant or other person)


1040992



# SANGAMON COUNTY SHERIFFS OFFICE
"Keeping the Peace Since 1821"

Administration - (217) 753-6855
Civil Process/Records - (217) 753-6846

WES BARR
#1 Sheriffs Plaza
Springfield, IL 62701

Investigations - (217) 753-6840
Corrections - (217) 753-6886

SG TRACKING #18- 4680

I, Deputy M Powell certify that I served this summons as follows:

☐ Personal service on an individual, by leaving a copy of the summons and complaint with the defendant personally

☐ Abode service on an individual, by leaving a copy of the summons and complaint with a member of the household thirteen (13) years or older, informing said person of the contents thereof, and also by sending a copy of the summons, in a sealed envelope, postage paid, to the individual listed in the summons.

☒ Corporation service, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons.

☐ Other service, as described below.

Case Number: 18L04
Name of defendant: Victing Mining LLC
Name of other person Summons left with: Devose Lashawn
Sex ( M /Ⓕ) Race W Approx. age 45
Date of Service 7/27/2018 Time 11:45
Date of Mailing _____
Address at which paper was served:
807 Adlai Stevenson Dr

Service fees (Circle One) $42.00 or $82.00

Circle One:    PAID    PAUPER    NO CHARGE

Wesley L. Barr, Sheriff of Sangamon County

By _____, ~~Records Technician~~ Deputy # 5147

IN PARTNERSHIP WITH THE COMMUNITY