# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# BENTON DIVISION

| | |
|---|---|
| MICHAEL PRIBBLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:18-cv-01530-JPG-RJD |
| VIKING MINING, LLC ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

This matter is before the Court on the Consent Motion for Protective Order (Doc. 17). Upon the agreement of Plaintiff Michael Pribble and Defendant Viking Mining, LLC, and in accordance with Federal Rules of Civil Procedure 26(c), this Court finds that good cause exists for the entry of the following protective order with respect to the production and exchange of certain documents and information between Plaintiff and Defendant, in the above-captioned case. Accordingly, the motion is **GRANTED** and it is hereby **ORDERED**:

1. <u>Definitions</u>.

a. The term "Confidential Information" means the following information that, in the course of discovery, Defendant may produce to Plaintiff, Plaintiff may produce to Defendant, and/or any other information elicited in the discovery process which meets the following definitions:

> (1) Any non-public proprietary business information pertaining to Defendant, including, but not limited to, trade secrets, training materials, mining techniques and methods, business plans, customer information, personnel

records, personnel policies, employee grievances, employee complaints, and employee lists;

  (2) Any sensitive or private personal information, such as home addresses, phone numbers, social security numbers, and driver's license numbers for any individual, including Plaintiff.

2. <u>To Whom Confidential Information May Be Disclosed</u>.  Confidential Material can be disclosed only to people who fall into the following categories:

 a. Plaintiff, including her attorneys and support staff;

 b. Defendant's representatives, including their attorneys and attorneys' support staff;

 c. Experts (as defined by Federal Rule of Civil Procedure 26(b)(4));

 d. Any deposition witness, but only at the witness's deposition;

 e. Any witness that will testify at trial;

 f. Deposition court reporters;

 g. Commercial copying services employed by either Defendant or Plaintiff for the purpose of making copies of documents for use in connection with this case; and

 h. Any judge assigned to this case and his or her court personnel, provided that, if filed before the Court, the information referenced in Section 1(a)(3) above is redacted.

3. <u>Disclosure Restrictions</u>.  Confidential Information can be disclosed or otherwise used only for purposes directly related to this case, and cannot be used for any other purposes, including, but not limited to, personal or business use.

4. <u>Identifying Confidential Information</u>.  To identify Confidential Information under this Protective Order, Defendant and Plaintiff may mark such documents, data, and records as

confidential by placing the word "Confidential" on the document in an easily identifiable manner. For information that is not in document form (for example, a video or picture), Defendant and Plaintiff shall inform each other in writing of the information depicted considered to be "Confidential." The designation of Confidential Information reflects a good faith determination by counsel that the definition of confidential materials under this Protective Order applies.

5. <u>Inadvertent Production and Disclosure</u>. Any production, or other disclosure of, documents or information including Confidential Information that was not identified as "Confidential" at the time of the production shall not be a waiver of a claim of confidentiality. Additionally, the production or disclosure of Confidential Information will not be deemed a waiver of any right by a party to object to the admissibility of such document on grounds of relevancy, materiality, privilege or any other objection.

6. <u>Final Determination</u>. Within 14 days upon the final determination of this case (including any appeals), Plaintiff will return to Defendant all Confidential Information Defendant produced or disclosed, or that Plaintiff recorded, including originals and any copies, or certify to Defendant that all Confidential Information Defendant produced or disclosed, or that Plaintiff recorded, including originals and any copies, were destroyed. Within 14 days upon the final determination of this case (including any appeals), Defendant will return to Plaintiff all Confidential Information Plaintiff produced or disclosed, or that Defendant recorded, including originals and any copies, or certify to Plaintiff that all Confidential Information Plaintiff produced or disclosed, or that Defendant recorded, including originals and any copies, were destroyed. Upon the final determination of this action (including any appeals), the provisions of this Protective Order shall continue to bind all counsel, the parties and their officers and employees, witnesses, and all others subject to this Protective Order.

7. <u>Admissibility of Confidential Documents</u>. Nothing in this Order shall be construed to affect the admissibility of any document, material or information at any trial or hearing. In addition, any request for confidentiality, closure or sealing of any hearing or trial must be made to the judge then presiding.

8. <u>Voluntary Disclosure</u>. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party providing the Confidential Information consents in writing to such disclosure, or if the Court, after notice to the affected party, orders such disclosure.

9. <u>Exceptions</u>. The restrictions on the use and disclosure of Confidential Information in this Protective Order shall not apply to Confidential Information when the party receiving the Confidential Information can show the Confidential Information:

   a. Was available to the public at the time of receipt of the Confidential Information; or,

   b. Became available to the public through no fault of the receiving party (including the officers or employees of a corporate party) subsequent to the receipt of the Confidential Information or was disclosed to the receiving party without any obligation or confidentiality by someone not a party to this action who was in lawful possession of such information.

The receiving party shall have the burden of proving that Confidential Information comes within the scope of one or more of the exceptions in this Paragraph.

10. <u>Additional Protections</u>. The provisions of this Protective Order are without prejudice to the right of:

a. The party providing Confidential Information to apply to the Court for an order imposing further restrictions on the use or disclosure of Confidential Information, or

b. Either party to oppose production, disclosure, or admissibility of Confidential Information for any reason.

11. <u>Resolution of Disputes</u>.  If the party receiving Confidential Information believes anything designated as Confidential Information should not be treated as Confidential Information, the party receiving the Confidential Information shall so notify the party producing the Confidential Information, and the parties shall attempt to resolve the matter between themselves. If the parties are unable to agree, the designating party shall have the burden to move the Court within ten (10) days of the parties' communication for an order designating the disputed material or information as "confidential" and subject to this Protective Order.  The designating party shall maintain the burden of proving that the material or information is confidential and in need of protection from disclosure. If the designating party does not timely move the Court for such order, then the material or information shall be deemed not confidential or subject to this Protective Order.  Until the Court so orders, such material or information shall be treated by the parties as "confidential."

When filing a motion challenging the designation of Confidential Information, the party filing the motion shall file with the Clerk of the Court a redacted document protecting the Confidential Information.  The party filing the motion shall provide an unredacted copy of the Confidential Information to the Court for *in camera* review.

12. <u>Interested Party Challenges</u>.  If an interested third party seeks to challenge the designation of Confidential Information, such third party may file a motion for review with this

Court under the caption of the present case. Both parties will then have an opportunity to respond to the third party motion.

13. <u>Use of a Party's Own Confidential Information</u>. Nothing in this Agreed Protective Order shall preclude either party, without the prior consent of the other party or this Court, from using its own Confidential Information in any manner it sees fit, or from revealing it to whomever it chooses.

14. <u>No Waiver of Privilege</u>. Inadvertent production or disclosure of Confidential Information that includes privileged information, or information constituting attorney work product, shall not be deemed a waiver in whole, or in part, of a party's claim of privilege or work product protection, either as to the specific information disclosed, or as to any other information relating thereto regarding the same or related subject matter.

15. This Protective Order shall be subject to any subsequent order of the Court.

**IT IS SO ORDERED:**

**DATED:  February 4, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**